1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| SAMUEL BRAVO, | Case No. 1:13-cv-01312 AWI MJS (HC) |
|---|---|
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| F. FOULK, | **[Doc. 16]** |
| Respondent. | |

17

18    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254. Respondent, Warden of High Desert State Prison,

20   is represented in this action by Lewis A. Martinez, of the Office of the Attorney General

21   for the State of California.

22   **I.    BACKGROUND**

23    Petitioner is currently in the custody of the California Department of Corrections

24   pursuant to a judgment of the Superior Court of California, County of Kern, upon being

25   convicted by a jury on August 9, 2010, of first degree murder, four counts of robbery, and

26   various enhancements. (Lodged Doc. No. 1.) On September 7, 2010, Petitioner was

27   sentenced to an indeterminate term of life without parole, an indeterminate term of 25

28   years to life, and a determinate term of 28 years. (Id.)

1    Petitioner filed a direct of appeal of the judgment. On February 22, 2012, the Fifth

2    District Court of Appeal affirmed the judgment. (Lodged Doc. No. 2.) Petitioner

3    subsequently sought review in the California Supreme Court.   The petition for review

4    was denied on May 9, 2012. (Lodged Docs Nos. 3-4.)

5    On August 9, 2013, Petitioner filed the instant federal Petition for Writ of Habeas

6    Corpus in this Court.[1] (ECF No. 1.) On October 3, 2013, Respondent filed a Motion to

7    Dismiss the petition as being filed outside the one-year limitations period prescribed by

8    28 U.S.C. § 2244(d).  (Mot. to Dismiss, ECF No. 16.) Petitioner did not file an opposition

9    to the motion.

10   **II.**    **DISCUSSION**

11       **A.**    **Procedural Grounds for Motion to Dismiss**

12   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

13   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

14   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

15   Section 2254 Cases.

16   The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

17   answer if the motion attacks the pleadings for failing to exhaust state remedies or being

18   in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

19   420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

20   exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

21   Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

22   Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

23   respondent can file a motion to dismiss after the court orders a response, and the Court

24   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &

---

25   [1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition
26   to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d
     1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition
27   was filed on August 15, 2013, pursuant to the mailbox rule the Court considers the petition filed on August
     9, 2013, the date Petitioner signed the petition.

28

1    n. 12.

2        In this case, Respondent's motion to dismiss is based on a violation of the one-

3    year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss

4    is similar in procedural standing to a motion to dismiss for failure to exhaust state

5    remedies or for state procedural default and Respondent has not yet filed a formal

6    answer, the Court will review Respondent's motion to dismiss pursuant to its authority

7    under Rule 4.

8        **B.    Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

9        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

10   Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all

11   petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

12   521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

13   Cir. 1997).

14       In this case, the petition was filed on August 9, 2013, and is subject to the

15   provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

16   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As

17   amended, § 2244, subdivision (d) reads:

18   (1)  A 1-year period of limitation shall apply to an application for a writ of
19        habeas corpus by a person in custody pursuant to the judgment of a State
         court.  The limitation period shall run from the latest of –

20           (A) the date on which the judgment became final by the conclusion
21           of  direct  review  or  the  expiration  of  the  time  for  seeking  such
             review;

22           (B) the date on which the impediment to filing an application
23           created by State action in violation of the Constitution or laws of the
             United States is removed, if the applicant was prevented from filing
24           by such State action;

25           (C) the date on which the constitutional right asserted was initially
             recognized by the Supreme Court, if the right has been newly
26           recognized  by  the  Supreme  Court  and  made  retroactively
             applicable to cases on collateral review; or

27           (D) the date on which the factual predicate of the claim or claims
             presented could have been discovered through the exercise of due
28           diligence.

1

2          (2) The time during which a properly filed application for State post-
           conviction or other collateral review with respect to the pertinent judgment
3          or claim is pending shall not be counted toward any period of limitation
           under this subsection.

4    28 U.S.C. § 2244(d).

5          Under § 2244(d)(1)(A), the limitations period begins running on the date that the

6    petitioner's direct review became final or the date of the expiration of the time for seeking

7    such review. In this case, the California Supreme Court denied review on May 9, 2012.

8    The state appeal process became final ninety days later, on August 7, 2012, when the

9    time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme

10   Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of

11   limitations began to run the following day, on August 8, 2012. Patterson v. Stewart, 251

12   F.3d 1243, 1246 (9th Cir. 2001).

13         Petitioner had one year from August 8, 2012, absent applicable tolling, in which to

14   file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the

15   instant petition until August 9, 2013, two days after the statute of limitations period

16   expired. Absent the later commencement of the statute of limitations or any applicable

17   tolling, the instant petition is barred by the statute of limitations.

18         **C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

19         28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

20   application for State post-conviction or other collateral review with respect to the

21   pertinent judgment or claim is pending shall not be counted toward" the one year

22   limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

23   the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

24   relief, and the period is tolled during the intervals between one state court's disposition of

25   a habeas petition and the filing of a habeas petition at the next level of the state court

26   system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

27   Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

28   under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

4

timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner did not file any post convictions collateral challenges to his conviction, and is not entitled to statutory tolling. The present petition was filed on August 9, 2013, two days after the expiration of the year statute of limitations period. The instant federal petition is untimely.

### D.    Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

## III.    CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is neither entitled to the benefit of statutory or equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   November 27, 2013        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE